IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KENNETH M.[1],

      **Plaintiff,**

  v.

      Civil Action 3:24-cv-00182
      Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF
SOCIAL SECURITY,**

      **Defendant.**

## OPINION AND ORDER

Plaintiff, Kenneth M., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for social security disability insurance benefits and supplemental security income.  This matter is before the Court for disposition based upon Plaintiff's Statement of Errors (ECF No. 8), the Commissioner's Memorandum in Opposition (ECF No. 10), Plaintiff's Reply (ECF No. 11), and the administrative record (ECF No. 7).  For the following reasons, the Court **REVERSES** the Commissioner of Social Security's nondisability finding and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further administrative proceedings.

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

1

I. BACKGROUND

Plaintiff protectively filed his applications for DIB and SSI on October 21, 2021, alleging that he has been disabled since May 1, 2005, due to post-traumatic stress disorder (PTSD), depression, anxiety, obsessive compulsive disorder (OCD), past substance abuse now using medical marijuana, back issues that may require surgery/degenerative disc disease (DDD).  (R. at 187-205, 232.)  Plaintiff's applications were denied initially in April 2022 and upon reconsideration in August 2022.  (R. at 55-76, 86-104.)  Plaintiff sought a *de novo* hearing before an administrative law judge.  (R. at 106-23.)  Plaintiff, who was represented by counsel, appeared and testified at a hearing held on March 16, 2023.  (R. at 31-54.)  A vocational expert ("VE") also appeared and testified.  (*Id.*)  On April 4, 2023, Administrative Law Judge Kevin Barnes (the "ALJ") issued a decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (R. at 12-30.)  The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision.  (R. at 1-6.)  This matter is properly before this Court for review.

II. RELEVANT RECORD EVIDENCE

The Court has thoroughly reviewed the transcript in this matter, including Plaintiff's medical records, function and disability reports, and hearing testimony as to Plaintiff's conditions and resulting limitations. Given the claimed error raised by Plaintiff, rather than summarizing that information here, the Court will refer and cite to it as necessary in the discussion of the parties' arguments below.

### III. ADMINISTRATIVE DECISION

On April 4, 2023, the ALJ issued his decision. (R. at 12-30.) The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through April 4, 2023, the date of the decision. (R. at 17.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 1, 2005, the alleged onset date. (*Id.*) The ALJ found that Plaintiff has the severe impairments of degenerative disc disease of the cervical and lumbar spine; gastroesophageal reflux disease (GERD); restless leg syndrome; hepatitis C; obesity; post-traumatic stress disorder (PTSD); bipolar I disorder; stimulant use disorder; unspecified anxiety disorder; and attention-deficit/hyperactivity disorder (ADHD). (*Id.*) The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 18.)

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009);

Before proceeding to Step Four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the [ALJ] finds that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds. He can occasionally stoop, kneel, crouch, and crawl. He must avoid hazardous machinery and unprotected heights. [Plaintiff] retains the ability to carry out simple, routine, one to three-step tasks and make simple decisions without the requirement of fast-pace or high production quotas where the individual can work away from the distractions of others. He retains the capacity for work in a non-public setting with superficial contact with coworkers and supervisors, but would work best in a setting that does not require collaboration with others. He retains the ability to adapt and manage himself in a structured and predictable work setting where major changes are explained and the individual is given time to adjust to new expectations.

(R. at 20.)

At step four of the sequential process, the ALJ determined that Plaintiff has no past relevant work. (R. at 24.) The ALJ determined at step five of the sequential process that Plaintiff would be able to perform the requirements of representative occupations such as hotel housekeeper, routing clerk and a mail sorter. (R. at 25.) He therefore concluded that Plaintiff has not been disabled since May 1, 2005. (*Id.*)

## IV. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. §

---

*Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices the claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

V. ANALYSIS

Plaintiff raises two statements of error. First, Plaintiff contends that the ALJ failed to properly evaluate the prior administrative medical findings of Kristen Haskins, Psy.D. for supportability as required by 20 C.F.R. § 416.920c. (ECF No. 8 at 5-12.) Plaintiff also argues

that the ALJ failed to carry the Step Five burden. (*Id.* at 13-15.) As discussed below, the Court finds Plaintiff's first statement of error to be well-taken. This obviates the need for in-depth analysis of the remaining issue. Thus, the Court needs not, and does not, resolve the alternative basis that Plaintiff asserts supports reversal and remand. Nevertheless, on remand, the ALJ may consider Plaintiff's other argument if appropriate.

The Court's analysis begins with a discussion of the regulations governing the ALJ's consideration of medical opinions. The regulations describe how evidence is categorized, considered, and articulated when an RFC is assessed. *See* 20 C.F.R. §§ 404.1513(a), 404.1520c (2017). A claimant's RFC is an assessment of "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). An ALJ must assess a claimant's RFC based on all the relevant evidence in a claimant's case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)–(5); 416.913(a)(1)–(5). Objective medical evidence is defined as "medical signs, laboratory findings, or both." 20 C.F.R. §§ 404.1513(a)(1); 416.913(a)(1). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§404.1513(a)(3); 416.913(a)(3). "Evidence from nonmedical sources is any information or statement(s) from a nonmedical source (including

you) about any issue in your claim." 20 C.F.R. §§ 404.1513(a)(4); 416.913(a)(4). "Medical opinion" is defined as follows:

> (2) Medical opinion. A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions....
>
>> (A) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>>
>> (B) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;
>>
>> (C) Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and
>>
>> (D) Your ability to adapt to environmental conditions, such as temperature extremes or fumes....
>
> * * *
>
> (5) Prior administrative medical finding. A prior administrative medical finding is a finding, other than the ultimate determination about whether you are disabled, about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review (see § 416.1400) in your current claim based on their review of the evidence in your case record, such as:
>
>> (i) The existence and severity of your impairment(s);
>>
>> (ii) The existence and severity of your symptoms;
>>
>> (iii) Statements about whether your impairment(s) meets or medically equals any listing in the Listing of Impairments in Part 404, Subpart P, Appendix 1; . . . .
>>
>> (v) . . . your residual functional capacity;

>> (vi) Whether your impairment(s) meets the duration requirement; and
>
>> (vii) How failure to follow prescribed treatment (see § 416.930) and drug addiction and alcoholism (see § 416.935) relate to your claim.

20 C.F.R. §§ 404.1513(a)(2), (5).

The governing regulations include a section entitled "[h]ow we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017." 20 C.F.R. §§ 404.1520c; 416.920c. These regulations provide that an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, they provide that an ALJ will consider medical source opinions and prior administrative findings using five factors: supportability, consistency, relationship of source to claimant, specialization, and other factors tending to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

The regulations explicitly indicate that the "most important factors" to consider are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). Indeed, the regulations require an ALJ to "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings" in a benefits determination or decision and allows that the ALJ "may, but [is] not required to, explain how [they] considered" the other factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). If, however, two or more medical opinions or prior administrative medical findings are equal in supportability and consistency "but are not exactly the same," an ALJ must also articulate the

other most persuasive factors. 20 C.F.R. §§ 404.1520c(b)(3); 416.920c(b)(3). In addition, when medical sources provide multiple opinions or multiple prior administrative findings, an ALJ is not required to articulate how he evaluated each opinion or finding individually but must instead articulate how he considered the opinions or findings from that source in a single analysis using the five factors described above. 20 C.F.R. §§ 404.1520c(b)(1); 416.920c(b)(1). Finally, the regulations explain that the SSA is not required to articulate how it considered evidence from non-medical sources. 20 C.F.R. §§ 404.1520c(d); 416.920c(d).

The applicable regulations provide the following guidance for how ALJs should evaluate the "supportability" and "consistency" of medical source opinions and prior administrative findings:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2). In practice, this means that the "supportability" factor "concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reuse v. Comm'r of Soc. Sec.*, No. 5:20-CV-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (citing SSR 96-2p, 1996 SSR LEXIS 9 (July 2, 1996) (explaining supportability and inconsistency); 20 C.F.R. § 404.1527(c)(3), (4) (differentiating "supportability" and "consistency"); 20 C.F.R. § 404.1520c(c)(1), (2) (further

clarifying the difference between "supportability" and "consistency" for purposes of the post-March 27, 2017 regulations)).

Turning to the portion of the ALJ's discussion at issue here, he had this to say about Dr. Haskins' opinion:

> Kristen Haskins, Psy.D. reviewed the claimant's file at the reconsideration level and assessed moderate limitations in the four broad areas of mental functioning, known at the "paragraph B" criteria (5A/6). She further opined the claimant could carry out simple, routine, one to three-step tasks and make simple decisions, without the requirement of fast pace or high production quotas where he could work away from the distractions of others; work in a non-public work setting with superficial contact with coworkers and supervisors, but would work best in a setting that did not require collaboration with others; and adapt and manage himself in a structure and predictable work setting where major changes were explained and he was given time to adjust to new expectations (Id. at 11). This opinion is persuasive because it is well-supported and consistent with mental status exam findings throughout the record (6F/20-21, 31-32, 42-43; 53- 54, 64-65; 9F/21-22, 32-33). Overall, the record indicates the claimant has been able to adequately manage his psychiatric symptoms with medications (9F/29, 43, 48).

(R. at 24.)

Plaintiff's claimed error, relying on this excerpt, is straightforward. Plaintiff asserts that, although the ALJ described Dr. Haskins' opinion as "well-supported," he only addressed the consistency factor in a meaningful way. That is, Plaintiff argues that the ALJ did not follow 20 C.F.R. § 416.920c in his evaluation of Dr. Haskins' opinion. According to Plaintiff, for the ALJ to have adequately discussed the supportability of the opinion, he needed to evaluate the basis of Dr. Haskins' opinions, not simply how her opinion compared to the record evidence as a whole. Plaintiff, citing *Reusel*, 2021 WL 1697919, at *7 n.6, asserts that the ALJ's comparison to the record evidence addresses only the issue of consistency.

In response, the Commissioner makes several arguments, only one of which directly addresses the discrete issue raised by Plaintiff. On this limited issue, the Commissioner contends that the ALJ found Dr. Haskins' findings "well- supported" which undermines Plaintiff's allegation that the ALJ did not consider the supportability factor. The Commissioner explains that, in reviewing the record, Dr. Haskins cited Dr. Anderson's consultative evaluation and the treatment records from Eastway Corporation, Premier Health, and Woodhaven. Further, the Commissioner notes that the ALJ also applied the "consistency" factor by finding that Dr. Haskins' findings were consistent with the mental status examination findings. According to the Commissioner, the ALJ's citation to some of the same records cited by Dr. Haskins addresses both the "consistency" and "supportability" factors. Thus, in the Commissioner's view, the ALJ properly considered the mandatory factors in finding Dr. Haskins' findings persuasive

Extensive discussion is not required. Plaintiff has the better argument here. In reaching this conclusion, the Court is mindful of the challenges ALJ's face in distinguishing between the supportability and consistency factors when considering an opinion from a state agency consultant. As courts in this district have recognized, the distinction between these factors is relatively clear when the opinion is from a treating provider. *See, e.g., Shawn K. v. Comm'r of Soc. Sec. Admin.,* No. 2:24-CV-00380, 2025 WL 470167, at *6 (S.D. Ohio Feb. 12, 2025), *report and recommendation adopted,* No. 2:24-CV-00380, 2025 WL 662148 (S.D. Ohio Feb. 28, 2025). Consultants, however, do not have their own treatment records and, instead, are required to review and rely upon documents in the administrative record to support their opinions. *Id.* Nevertheless, as discussed above, the language of the regulation is clear "that an ALJ must set

11

forth a minimum level of articulation as to how he considered the supportability and consistency factors for a medical source's opinion." *Decorian P. R. v. Comm'r of Soc. Sec. Admin.*, No. 1:22-CV-657, 2024 WL 1155941, at *5 (S.D. Ohio Mar. 18, 2024) (internal quotation and citation omitted). Certainly, if the consultant's report clearly identifies the documents relied upon to support their opinions, then the ALJ can conduct a supportability analysis that is based on those documents. *Shawn K.,* at *6.

Here, Dr. Haskins' report clearly identifies the documents she relied upon to support her opinion, including the report of a consultative examination undertaken by Dr. Eric Anderson, and reports from Eastway Corp., Premier Health, and Woodhaven. (R. at 67-68.) This easily allowed the ALJ to address the supportability factor, but he failed to do so. Instead, as the above excerpt demonstrates, the ALJ combined his discussion of the supportability and consistency factors into one wholly cursory sentence. While the ALJ does refer to "the record" and includes some citations at the end of that sentence, the citations appear intended as support for his consideration of only the consistency factor. A review of the cited documents reveals that the included citations are confined to multiple "mental status exam findings." (R. at 541-542, 552-553, 563-564, 574-575, 585-586, 673-674, 684-685.) A plain reading of the ALJ's decision confirms that these exam findings form the basis of his consistency conclusion and are not directed to his supportability analysis. The final sentence of his discussion, also referring to "the record" does nothing to clarify an intended supportability analysis. Thus, contrary to the Commissioner's argument, even accepting that the ALJ discussed the consistency factor adequately, the failure to discuss the supportability factor requires remand. *Whalen v. Comm'r*

*of Soc. Sec.,* No. 1:24-CV-01928-SL, 2025 WL 1452713, at *17 (N.D. Ohio May 21, 2025), *report and recommendation adopted*, No. 1:24-CV-1928, 2025 WL 1756524 (N.D. Ohio June 25, 2025) ("An ALJ may discuss one adequately but not the other, thus requiring remand.").

In the face of this, the Commissioner cites to the documents relied upon by Dr. Haskins. This effort, however, is nothing but a *post hoc* rationalization which cannot be used to justify the ALJ's failure to follow the regulations. It is the job of the ALJ in the first instance to articulate their reasons. *Hardy v. Comm'r of Soc. Sec.*, No. 20-10918, 2021 WL 3702170, at *6 (E.D. Mich. Aug. 13, 2021). Indeed, it is the obligation of the ALJ "to show his or her work, *i.e.*, to explain in detail *how the factors actually were applied* in each case, to each medical source." *Id.* As such, by not explaining how he considered the factor of supportability when evaluating Dr. Haskins' opinion, the ALJ failed to meet the minimum level of articulation required by the regulations. It may be that Dr. Haskins' opinion is well-supported by the evidence of record she reviewed. But the Court has no way of knowing that based on the ALJ's decision. That is, in the absence of the ALJ's proper articulation, the Court cannot trace the ALJ's path of reasoning. *Amanda B. v. Comm'r of Soc. Sec. Admin.,* No. 2:22-CV-4209, 2024 WL 278160, at *4 (S.D. Ohio Jan. 25, 2024) (citing *Charles K. v. Comm'r of Soc. Sec.*, No. 2:21-cv-5111, 2022 WL 1044722, at *6 (S.D. Ohio Apr. 25, 2022)). Accordingly, this claim of error is well-taken and remand is justified.

## VI. CONCLUSION

Based on the foregoing, Plaintiff's Statement of Errors (ECF No. 8) is **SUSTAINED.** The decision of the Commissioner is therefore **REVERSED** and this action is **REMANDED** to

13

the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this case pursuant to sentence four of 42 U.S.C. § 405(g).

    **IT IS SO ORDERED.**

**Date: July 16, 2025**　　　　　　　　　*s/ Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**